Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| AUDELIZ GONZÁLEZ RODRÍGUEZ<br><br>Demandante-Recurrida<br><br>Vs.<br><br>ALBERTO GONZÁLEZ RODRÍGUEZ su esposa AIDA LUZ SOTO HERRERO y la Sociedad Legal de Gananciales por ellos compuesta<br><br>Demandados-Peticionarios | KLCE202401264 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br>Caso Núm. QU2019CV00165<br><br>Sala: 101<br><br>Sobre: DESLINDE |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2024.

Comparece la parte peticionaria y solicita la revocación de una *Resolución y Orden* expedida por el Tribunal de Primera Instancia. Por medio del dictamen recurrido, el foro primario denegó al peticionario un término de 30 días para presentar sus objeciones al informe presentado por el comisionado especial asignado al caso.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos ... [ello] con el propósito de lograr su más justo y eficiente despacho...". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *certiorari* por falta de jurisdicción.

Número Identificador

SEN2024 _____

## -I-

En el contexto de una acción de deslinde, el Tribunal de Primera Instancia nombró a un comisionado especial. El 27 de junio de 2024, el comisionado especial presentó su informe vía una "Moción por Derecho Propio". En una de las vistas de los procedimientos del caso, celebrada el 29 de agosto de 2024, la parte peticionaria solicitó 30 días para presentar sus objeciones al informe. El tribunal recurrido denegó la petición sobre la base de la Regla 8.4 de Procedimiento Civil, concluyó:

> Revisado el expediente electrónico en su totalidad transcurrido en exceso el término que las Reglas de Procedimiento Civil le conceden a las partes para oponerse conforme a lo establecido en la Regla 8.4, la parte demandada optó por no expresarse en cuanto a la Moción por Derecho Propio presentada por el Comisionado Especial designado y el Informe Pericial anejado así como a la moción de Solicitud de Remedio presentada por el demandante y consignó fuera del término establecido los honorarios del Comisionado Especial.

Inconforme con el resultado, comparece la parte peticionaria ante este foro apelativo y apunta el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al no permitir impugnar el informe del comisionado por ser tardío, ello sin previamente utilizar otro mecanismo menos oneroso a la parte dejando desprovisto a los peticionarios de su derecho a confrontarlos.

Luego de examinar el escrito de la parte peticionaria, y los documentos que lo acompañan, estamos en posición de resolver el recurso promovido sin ulterior trámite. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *supra.*

## -II-

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V; Regla 52.1, establece las circunstancias excepcionales en las que el Tribunal de Apelaciones está facultado para atender, mediante recurso de *certiorari,* determinaciones interlocutorias del Tribunal de Primera Instancia. *Municipio Autónomo de Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Job Connection Center*

*v. Sups. Econo*, 185 DPR 585, 594-595 (2012). La Regla 52.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Distinto al recurso de apelación, el Tribunal de Apelaciones tiene la facultad de expedir el auto de *certiorari* de manera discrecional por de ordinario tratarse de asuntos interlocutorios. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, *supra*, pág. 711. Sin embargo, nuestra discreción debe ejercerse de manera razonable, al procurar siempre lograr una solución justa. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

El delimitar la revisión a instancias específicas tiene como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corp.*, 202 DPR 478, 486–487 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2017). Cualquier controversia que no esté dentro del ámbito de autoridad establecido en la regla, es revisable después de dictada la sentencia en el caso.

Por ello, ante una determinación interlocutoria no revisable mediante el recurso de *certiorari,* el único curso de acción es la desestimación del recurso por falta de autoridad para atenderlo.

### *-III-*

A tenor con la Regla 52.1 de Procedimiento Civil, el recurso ante nos, no presenta una reclamación bajo las Reglas 56 y 57 de las de Procedimiento Civil. Tampoco constituye una denegatoria de una moción de carácter dispositivo. No involucra la admisibilidad de testigos de hechos o de peritos esenciales, ni asuntos relativos a privilegios reconocidos por nuestro derecho probatorio; ni tampoco una anotación de rebeldía ni asuntos de relaciones de familia. Véase, *Scotiabank de Puerto Rico v. ZAF Corporation, supra.*

La controversia no reviste un asunto de interés público tal que justifique apartarnos de la política de revisión judicial limitada aplicable a asuntos interlocutorios. Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40; Véase, Job Connection Center v. Sups. Econo, supra, pág. 594; J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., Pubs. J.T.S., 2011, T. IV, pág. 1503.

Nótese que, la Regla 52.1 de Procedimiento Civil, *supra,* prohíbe la revisión mediante *certiorari* de resoluciones u órdenes interlocutorias salvo determinadas excepciones. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 594 (2011).

Este recurso carece de cualquier base legal que permita nuestra intervención. Por tanto, es forzoso concluir que no podemos intervenir con la resolución recurrida. Scotiabank de Puerto Rico v. ZAF Corp., *supra*, pág. 494.

En consecuencia, concluimos, que, estamos ante un dictamen interlocutorio no revisable mediante *certiorari*, pues, no contiene los elementos excepcionales que nos permitan acogerlo y atenderlo.

Conforme a la normativa vigente, la parte peticionaria deberá canalizar el señalamiento de error mediante el vehículo procesal correspondiente.

### -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *desestimamos* el recurso incoado por falta de jurisdicción. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones